## HEARNE'S ADM'X v. HARBISON AND WIFE, ET AL.

1. A writ of error which is sued out to revise a decree of the Orphans' Court, by which the estate of an intestate was settled and distribution made, will not be dismissed because all the distributees are not made parties ; but the writ will be amended, so as to make it conform to the record.

2. Where the Orphans' Court made an interlocutory order touching the distribution of an intestate's estate, which is erroneous, if in the final decree the error is repaired, and complete justice done to the parties, the previous error will furnish no ground for a reversal of the decree.

3. *Quere?* Is it competent for an administrator to assign an error, which is not prejudicial to himself, but merely affects the distributees of the estate, the defendants in error.

4. An administrator *who files his accounts and vouchers for settlement*, cannot object on error, that the notice prescribed by statute, was not given to him.

Writ of error to the Orphans' Court of Lowndes.

IT appears from the record, that the plaintiff in error was appointed the administratrix of her intestate on the fifth of December, 1836 ; that on the 23d June, 1843, she filed her account current and vouchers, upon being cited to appear and make final settlement of the estate.   Thereupon the "court gave legal notice to all parties interested, to be and appear at a special Orphans' Court, on the first Saturday in September, 1843, to file exceptions, or otherwise to plead to said account," &c.   Certain exceptions were filed by one of the distributees, and the proceeding regularly continued from time to time, to the third Monday in October, when they were withdrawn.   The judge of the Orphans' Court then examined, audited and stated the account, and no further exception being taken, allowed the same as stated.

The names of the distributees are stated in the decree, (of whom there are more than five) all whom, it is said, are of full age, and the amount of money being the residue of the estate undistributed, is also ascertained.   One-fifth of the balance is directed to be retained by the administratrix, who is

the widow of the intestate ; and she is charged with interest, because as it is said, she failed to make a settlement at the time the law required, and failed to file an affidavit, as the statute in such case provides—but interest is only calculated after eighteen months from the grant of administration.

It is affirmed by the decree that the land and slaves had been previously divided and distributed ; that in making distribution of the latter, some of the distributees had received less, and others more than they were entitled to. In such cases the portions were equalized by directing the administratrix to make up the deficient shares, by deducting a corresponding amount from those who had received in the distribution of the slaves, more than their proportion. The several sums to which the distributees were respectively entitled, were ascertained upon this basis, and a decree rendered accordingly in favor of each. Upon the satisfaction of the decree, it was ordered that the administratrix be discharged from her bond, &c.

JUDGE, with whom was B. F. PORTER, for the plaintiff in error, made the following points :

1. The decree is erroneous in being rendered against one, and in favor of another distributee, and in adjusting the several distributive shares. [8 Porter's Rep. 507 ; 4 Ala. Rep. 632.]

2. The court did not give forty days notice before auditing the accounts of the administratrix. [Clay's Dig. 229, § 41 ; 7 Porter's Rep. 270 ; 4 Ala. Rep. 121.]

A. GILCHRIST, for the defendant in error.—The writ of error should be dismissed, because all the distributees are not made parties. [2 Ala. Rep. 192.] The decree in favor of one distributee against another, was rendered in 1838, and was final as it repects the matters determined by it. [Clay's Dig. 297, § 4 ; 307, § 9 ; 9 Porter's Rep. 111 ; 3 Ala. Rep. 156, 437 ; 7 Id. 736.] It cannot be objected by the administratrix that due notice was not given of the settlement, as she appeared and submitted to file her accounts and vouchers; besides, notice was intended for the benefit of distributees

and creditors. [6 Ala. Rep. 607.] The record shows that each had a decree for as much as they were respectively entitled to ; the administratrix is not overcharged, and if the distributive shares are not properly adjusted, she cannot complain. [7 Ala. Rep. 270.]

COLLIER, C. J.—The writ of error cannot be dismissed, because all the distributees, who are parties to the decree, are not made defendants here. Our statute authorises an amendment, so as to make the writ conform to the transcript; and it will be amended accordingly.

Several years previous to the final decree in dividing the land and distributing the slaves, the shares allotted to the distributees were not exactly equal, and to make up for the inequality, the court ordered that the larger portions should be charged with the *deficit* in the smaller, and thus the distribution equalized. But although it was so ordered, yet no formal decree was rendered in favor of any of the distributees against the other. Subsequently, in making the final settlement, each one of the distributees was charged with so much as he or she had received, and the shares then made equal by a proper distribution of what then remained in the hands of the administratrix.

The orders first made, by which the share of one distributee was said to be chargeable to another to make up a deficiency, can only be regarded as interlocutory, and not definitive, and if erroneous in themselves, the error was repaired in the final settlement, which gave to each distributee a decree for the appropriate amount against the administratrix. The first orders might serve as a guide for the final action of the court. But be this as it may, the matter was *in fieri*, and there is nothing in the record to show that it has not been adjusted with a just regard to the rights of the administratrix. If then there was an error as between the distributees, by which they are willing to abide, can she gratuitously ask its correction for them ?

As it respects the want of notice, such as the statute requires, that the account of the administratrix had been examined, audited and stated, and calling upon all persons interested to show cause against its allowance, we think it cannot

avail her on error. She had already filed her accounts and vouchers for settlement, and the proceeding was continued from time to time; notice, then, as it respected her, would have been an act of supererogation. [McLeod v. Mason, 5 Porter's Rep. 223; Sankey's Ex'rs v. Sankey's Heirs, 6 Ala. Rep. 607.

This view is decisive of the cause, the judgment is consequently affirmed.