Wheeler, J.
It is objected that the petition does not give the date of the judgment, and that it is variant from it in the amount stated.
In describing the judgment, it was sufficient to state the term of the court, without also stating the" day of the term on which it was rendered.
The amount of the judgment is not accurately stated in the petition, but. the citation which was served upon the defendants described the judgment with accuracy, and by it the defendants were apprised of the precise judgment sought to be reversed.
The petition is simply the authority to the clerk to issue the citation, and upon its being returned served to prepare a transcript of the record for revision. But in issuing the citation the clerk is not, as in the commencement of the suit, confined l o the averments of the petition, but he may refer for greater certainty to the records of the court. And when, as in this case, he has done so, and lias issued to tlie defendants a citation by which they have been apprised of every fact material to enable them to prepare for the trial of the cause in this court, we think the requirements of the law have been substantially complied with.
But if the objection to the petition were of a character which ought to be entertained, no reason is perceived why it might not be cured by amendment without driving the p.arty to the needless expense and delay of proceeding anew.
It is the practice in the Supreme Court of the United States and in State courts to permit writs of error to be amended. (4 Dall. R., 12; Id., 22; 2 S. & R., 351.)
In Alabama it has been held that a writ of error will not be dismissed because all the parlies to the record were not made parties to the writ, but (he writ will be amended so as to make it conform to the record. (9 Ala. R., 731.)
And where a writ was sued out in the name of D. A. and others, it was held that it might be amended by the record and the name of the proper party or parties substituted. (8 Ala., 273.) In our practico a writ of error is seldom, in fact, issued, and is never necessary. It cannot be necessary to require the clerk to issue a writ to himself to authorize him to perform the. duties enjoined upon him by law. But the petition, in our practice, does not occupy a more important office than the writ of error in the practice of (hose courts where the. writ is indispensable, and it is equally the subject of amendment.
Note 99. — Turner v. Hamilton, 6 T., 250; Owen v. Tankersley, 12 T., 38; Graham v. Sterns, 10 'T., 153; Summerlin v. Reeves, 29 T., 85.
The remaining ground oí the motion relates to the assignment of errors.
The first ground taken in the assignment seeks a revision of the judgment -of the court overruling (.lie exceptions to the petition. What those exceptions were will be seen by the record. The assignment has the same degree of certainty as the exceptions, and surely it cannot be required of the party to be more specific in taking his objections to the petition in this court than by larv lie is required to he in the court below. While the general demurrer is tolerated in our practice, an equally general assignment of errors must be hold sufficient to require a revision of the judgment of the court below upon the •sufficiency of the petition.
The remaining error assigned is the overruling of the motion for a new trial.
The new trial was asked upon the ground that the verdict was contrary to law aud evidence. Whether it was so can only be ascertained by considering tiie facts proved in connection with the law applicable to those facts. This the .assignment in effect asks the court to do. And if it was intended to maintain that upon the evidence in the case, taken and considered as a whole, the plaintiff was not in law entitled to a verdict, it is not easy to perceive how the assignment could well have been more special without becoming argumentative and needlessly and inconveniently prolix. But if it was intended to insist upon any particular defect of proof, or (he omission to prove any particular fact essential to (he right of the party to a verdict, such defect or omission ought to have beeu specially assigned.
The statute requires that tne p'.arty making the assignment shall specify the grounds of error on which he relies, aud that all errors not so specified shall be considered as waived. (Acts 1850, p. 173, sec. 9.)
The assignment must therefore be as special as the nature of the case or as the subject of the assignment will reasonably admit of; otherwise the alleged error will not be considered.
In the present instance it is sufficiently special to authorize a revision of the ruling of the court upon the sufficiency in law of the evidence, considered as a whole, to authorize the verdict, and must therefore, in that view, be held sufficiently special.
We are of opinion, therefore, that neither ground in support of the motion to dismiss is well taken, and that it be overruled.
Motion overruled.