## WEEMS AND WALDO v. S. C. WATSON ET AL.

### No. 546.—Decided May 10, 1897.

1. **Practice in Court of Civil Appeals—Petition for Writ of Error—Omission of Party.**
The provision of Revised Statutes, 1879, art. 1391, that the petition shall state the names of the parties adversely interested is imperative, and the defect is not cured by including a party omitted from the petition among the payees of the bond. (Pp. 39, 40.)

2. **Same.**
Where defendants' petition for the writ, by clerical error, omitted the name of one of the original plaintiffs recovering the judgment, and service was waived only as to parties named in petition, though supersedeas bond was given to such plaintiff with the others, the writ was properly dismissed for such non-joinder: though prior to the adoption of such requirement by the Revised Statutes the case might have been merely stricken from the docket, as prematurely filed, leaving plaintiffs in error to perfect service in the court below upon the omitted party, and then bring up the record. (Pp. 36 to 40.)

3. **Same—Amendment.**
Such omission cannot be cured by an amendment of the petition, nunc pro tunc, inserting the omitted name, with extension of time for service, in the absence of a statute authorizing such amendment. (P. 40.)

4. **Writ of Error—Parties—Separable Controversy.**
Warrantors, against whom the defendants in trespass to try title had recovery over, prosecuting writ of error against both plaintiffs and defendants, though their

writ as to the former was dismissed because of the omission of one plaintiff as a party, were entitled to proceed on their writ against the warrantees, whose right of recovery was distinct from that of plaintiffs, and whose judgment could be reviewed on writ of error without contesting the judgment recovering the land for plaintiffs. (Pp. 40, 41.)

ERROR to the Court of Civil Appeals for the Second District, in writ of error from Haskell County.

Plaintiffs below recovered judgment in trespass to try title against defendants who in turn recovered against Weems and Waldo, their warrantors. The latter procured writ of error seeking to revise both the judgment of plaintiffs for the land and that of defendants on the warranty. The writ was dismissed in the Court of Civil Appeals because of the omission of one of the plaintiffs as a party, and to revise this ruling Weems and Waldo procured writ of error from the Supreme Court.

*Ewing & Ring* and *J. C. Baldwin*, in support of the application.— The omission of the name of Gertrude Watson from the petition was cured by its insertion in the bond. McVeigh v. U. S., 8 Wall., 640; Hillebrant v. Brewer, 5 Texas, 568.

The petition could be amended. Hillebrant v. Brewer, 5 Texas, 568; 4 Dall., 12; id., 22; 2 So. Rep., 351; 9 Ala., 731; 8 Ala., 273; Pierson v. Yewdall, 5 Otto, 294; 3 Texas Civ. App., 150.

The court at least had jurisdiction to correct the error in the judgment in favor of E. and L. W. Roberts, they being the only persons interested adversely to plaintiffs in error in respect to such judgment. Curlin v. Canadian, etc., Trust Company, 38 S. W. Rep., 766; Hermann v. Likens, 90 Texas, 448; Blackman v. Harry, 35 S. W. Rep., 290.

*Foster & Scott*, for E. and L. W. Roberts, defendants in error.

DENMAN, ASSOCIATE JUSTICE.—Plaintiffs below, forty-nine in number, including Gertrude Watson, brought an action of trespass to try title to recover from Roberts and Roberts title and possession of one-third of a league of land in Haskell County, together with rents thereof.

Roberts and Roberts answered: (1) not guilty; (2) statutes of limitations of three, five and ten years; (3) improvements in good faith; (4) they set up their title alleging that plaintiffs were setting up some claim to the land, and asked that on the trial plaintiffs' claim be cancelled as a cloud upon their title; (5) that they purchased the land from Weems and Waldo for a stated consideration paid, the latter warranting the title to them against the claims of all persons claiming or to claim the same or any part thereof, wherefore in the event of loss of the land they prayed for judgment against said warrantors.

Weems and Waldo adopted as their own said answer of Roberts and Roberts.

On the trial the jury found a verdict for the plaintiffs for the land, valuing same at three dollars per acre, and in favor of Roberts and Roberts, under plea of improvements in good faith, for $3055.15, and in favor of Roberts and Roberts against Weems and Waldo on the warranty, for the full amount of purchase money with interest from date of payment.    Upon this verdict the court rendered judgment for the plaintiffs for title and possession of the land and all costs against Roberts and Roberts, ordering that no writ of possession should issue for one year unless plaintiffs should pay to the clerk of the court, for Roberts and Roberts, said $3055.10 with interest from date of judgment, and that if plaintiff should neglect to pay same for one year, and Roberts and Roberts should within six months after the expiration of such year pay said clerk for plaintiffs $4428 (that being the value of the land at $3 per acre) then said plaintiffs should be forever barred from their writ of possession and from ever having or maintaining any action against defendants, their heirs or assigns, for the land.    It was further ordered that Roberts and Roberts recover from Weems and Waldo $5741.55, that being the amount of purchase money and interest to date of judgment, for which amount execution was ordered.

Within one year from the date of this judgment Weems and Waldo filed in said cause with the clerk of the District Court trying same their petition for writ of error in substance as follows:    "The petition of B. F. Weems and J. Waldo complaining of (here follows names and residences of all plaintiffs and the defendants in the court below with the exception of plaintiff Gertrude Watson) represent that heretofore, to-wit: on December 10, 1895, the parties heretofore mentioned except Roberts and Roberts, in cause number 176 pending in this court, styled Watson, et al. v. Roberts, et al., recovered a judgment against the said Roberts and Roberts for the title and possession of one third league of land (here follows description of the land); said judgment further provided for the adjustment of improvements and for all costs; that in same suit Roberts and Roberts recovered judgment against these petitioners on their warranty for the sum of $5741.55, with interest at six per cent, which said cause these petitioners desire to remove to the Court of Civil Appeals for revision and correction, as they charge that there were divers errors committed by the court during the trial of said cause; these petitioners further show to the court and clerk thereof that they have filed herewith a supersedeas bond as required by law, and if execution has been issued on said judgment they pray that a supersedeas be issued to stay the same until the final determination of this suit by the Court of Civil Appeals;    *    *    *    wherefore petitioners pray for the necessary process to perfect their writ of error and to stay the enforcement of said judgment.    J. C. Baldwin, Ewing & Ring, attorneys for B. F. Weems and J. Waldo."    At the same time Weems and Waldo filed with said clerk in said cause their bond in substance as follows: "Whereas, in the above entitled cause, on the 10th day of December, 1895, the said (here follows names of all plaintiffs, including Gertrude

Watson) recovered judgment against the defendants Roberts and Rob-
berts for the recovery of the title and possession of one-third of a league
of land (here follows description of land) and defendants Roberts and
Roberts recovered judgment against defendants Weems and Waldo for
the sum of $5741.55 and interest, on their warranty, from which judg-
ment the said Weems and Waldo have taken out a writ of error to our
Court of Civil Appeals for the Second Supreme Judicial District of
Texas and desire to suspend the execution of the judgment; now, there-
fore we, B. F. Weems and J. Waldo, as principals and ..................
and ..................... as sureties acknowledge ourselves bound to pay to (here
follows names of all the plaintiffs, including Gertrude Watson and the
names of the defendants Roberts and Roberts) the sum of $12,500, condi-
tioned that said B. F. Weems and J. Waldo shall prosecute their writ of
error with effect, and in case the judgment of the Supreme Court or Court
of Civil Appeals should be against them they shall perform its judgment
sentence or decree and pay such damages as said court may award
against them; conditioned further, that in case the judgment is affirmed
they will pay the defendants in error the value of the rent or hire of
such property in any suit which may be brought therefor" (Signed by
principals and sureties). At the same time said Weems and Waldo
filed with said clerk in said cause their assignments of error attacking
upon various grounds, (1) the judgment rendered in favor of the plaint-
iffs for the land, plaintiffs in error urging that none of the plaintiffs
were entitled to recover; (2) the judgment in favor of defendants Rob-
erts against plaintiffs in error Weems and Waldo as warrantors. On
said petition for writ of error was written an acceptance of service and
waiver of the issuance of citation by the attorney, who represented all
the plaintiffs on the trial except Hamner, "for all the defendants in
error who were mentioned in the foregoing petition for a writ of error
except Hamner and Roberts and Roberts;" and Hamner and Roberts
and Roberts also waived issuance of process and accepted service. There
was no acceptance or waiver by any one for Gertrude Watson nor was
any citation in error issued for her.

Weems and Waldo having filed their transcript in the Court of Civil
Appeals, all of the defendants in error named in said petition for writ
of error joined in a motion to dismiss the writ of error on the ground
that Gertrude Watson, one of the plaintiffs below and who with the
other plaintiffs recovered a joint judgment against Roberts and Roberts
for the land, is not mentioned in the petition for writ of error, was not
served with citation in error, did not appear in the Court of Civil Ap-
peals, and was not a party to the writ of error proceeding, wherefore
the court was without jurisdiction of the cause. In answer to this mo-
tion Weems and Waldo alleged by sworn motion that the name of Ger-
trude Watson was by mistake omitted from the petition for writ of er-
ror, and that they were not aware of the omission until the filing of said
motion; that it was their intention to include her in said petition and
writ of error proceedings, and asked that the petition for writ of error

"be amended nunc pro tunc, as the date of filing the petition for writ of error, by inserting therein the name of Gertrude Watson, and that leave may be granted for the making of due service as to her by proper citation in error, and that the time for hearing of the case may be so enlarged as to admit of such service being properly made, and that the court may suspend the submission and hearing of the motion to dismiss until the submission and hearing of this motion and take this not only as a motion for affirmative relief, but as a counter motion to that to dismiss."

The Court of Civil Appeals sustained the motion to dismiss and overruled the motion to amend and allow service upon Gertrude Watson, and ordered that the writ of error be dismissed and that Weems and Waldo and their sureties pay all costs, and that such judgment be certified below for observance.

Weems and Waldo have brought the case to this court upon writ of error. Their first assignment is as follows: "The court, by sustaining the motion to dismiss, erred in holding that Gertrude Watson was not a defendant in error although the application for error and the supersedeas bond, each referring to the other and part of the same transaction, were filed at the same time, being in effect one instrument, and she, Gertrude Watson, was named as a defendant in error in the supersedeas bond, the two instruments taken together making it plain that the omission of the name from the application for error was a mere clerical slip." Under the old statute Gertrude Watson would have been by the proceedings above a party defendant to the writ of error, as it was not required that the petition for writ of error should give the names of the defendants therein. It was sufficient if the bond was made payable to them, for it was the duty of the clerk upon filing the bond to obtain the necessary information from the papers in the cause from which to issue the citations. Therefore under the old statute the proper practice would have been for the Court of Civil Appeals to have merely stricken the proceedings from their docket as having been prematurely filed, leaving plaintiffs in error to perfect service in the court below upon Gertrude Watson and then bring up the record. (Pas. Dig., art. 1495; Hillebrant v. Brewer, 5 Texas, 566; Roberts v. Sollibellus, 10 Texas, 352; Summerlin v. Reeves, 29 Texas, 86; Thompson v. Pine, 55 Texas, 427.) In the Revised Statutes of 1879, however, still in force, it is expressly provided that "the petition shall state the names and residences of the parties adversely interested, etc." After much consideration and examination of the authorities we have reached the conclusion that it was intended by this specific and imperative provision to change the rule announced by the former statute, as construed by the decisions of this court thereon, in order to prevent the confusion and difficulties attendant upon suing out writs of error. The Legislature having power to preclude the exercise of appellate jurisdiction by the appellate courts unless the parties invoking same comply with certain rules and regulations, we do not feel authorized to annul such

regulations by construction when the intent of the law-making power has been clearly expressed. We have reached the conclusion that, viewed in the light of the previous statute and decisions, it was the purpose of the Legislature to make the above provision mandatory, and we must so hold. Any other ruling would virtually annul the positive provision of the statute above quoted and leave the law as it was prior to its enactment. Snyder, Mayor, et al. v. The State, 124 Ind., 335, and authorities cited; Gourley v. Embree (Ind.), 36 N. E. Rep., 846. We are therefore of the opinion that the Court of Civil Appeals did not err in holding that Gertrude Watson was not made defendant in the writ of error proceedings, and in dismissing the writ of error as to all of plaintiffs below, it not appearing from the record what interest in the land Gertrude Watson was entitled to so that the judgment could be revised as between plaintiffs in error and the other plaintiffs below without prejudice to her rights.

The second assignment of error is as follows: "The court erred, by denying the counter-motion for relief, in holding that a nunc pro tunc amendment of the mere clerical omission of the name of Gertrude Watson in the application for error was not allowable, in connection with proper incidental relief enlarging the time for hearing so as to admit of due service being made upon her from the trial court, if that should be deemed necessary." In some jurisdictions statutes have been enacted authorizing amendments in the appellate courts of writ of error proceedings. U. S. Rev. Stat., sec. 1005; Pearson v. Yewdall, 5 Otto, 294-296; Hearne's administratrix v. Harbison, 9 Ala., 731; Ellison v. The State, 8 Ala., 273. We have no such statute in this State, and therefore we are of the opinion that the above assignment is not well taken. It may be well to remark that the cases referred to by Justice Wheeler in Hillebrant v. Brewer, 5 Texas, 566, as authorizing the insertion of new parties in the writ of error proceeding by amendment were based upon statutes allowing such amendments.

The third assignment is as follows: "The Court of Civil Appeals erred, by sustaining the motion to dismiss, in failing to hold that it at least had jurisdiction of the cause so far as necessary to correct the error complained of in the separate and distinct judgment rendered against the plaintiffs in error in favor of the defendants in error, E. and L. W. Roberts, they being the only persons adversely interested to plaintiffs in error in respect of such judgment."

We think it clear that this assignment is well taken. The claim of Roberts and Roberts against Weems and Waldo on their warranty was a separate and distinct right of recovery in which the plaintiffs below were in nowise interested. While Weems and Waldo had the right as warrantors to contest plaintiffs' right to recover, as well as the right of Roberts and Roberts to a judgment on the warranty in case the plaintiffs recovered, and therefore had the right to bring the entire case up for review by writ of error, still they might have elected to abide by the judgment in favor of the plaintiffs for the land and have brought up

for review by writ of error the judgment recovered by Roberts and Roberts against them on the warranty; and we think that in contemplation of law they have done so by the proceedings above, which seem to comply with the statute as to Roberts and Roberts but not as to the plaintiffs. We are therefore of the opinion that the Court of Civil Appeals erred in dismissing the writ of error proceedings as between plaintiffs in error and Roberts and Roberts; and therefore their judgment will be affirmed in so far as it dismissed the proceedings as against plaintiffs below, and reversed in so far as it dismissed as between Roberts and Roberts and plaintiff in error, and the cause will be remanded to that court, so that it may pass upon such assignments as question the right of Roberts and Roberts to recover the judgment rendered in their favor against Weems and Waldo.

*Affirmed in part and in part reversed and remanded.*