## G. M. PADGITT v. FT. WORTH & RIO GRANDE RAILWAY COMPANY.

### No. 2247.  Decided April 19, 1911.

**1.—Writ of Error—Petition—Residence of Defendant—Railway.**

A petition for writ of error against a railway company which alleges that defendant operates a line of road and has an agent in the county where the trial was had on whom service may be obtained, naming such agent, is sufficient though it omits to state the residence of such defendant corporation as required by article 1391, Revised Statutes.   (Pp. 250-253.)

**2.—Same—Statutory Construction.**

The purpose of a statute rather than the letter of the Act will be considered in determining whether its provisions have been complied with.   (P. 251.)

**3.—Same.**

The purpose of requiring the residence of a defendant to be stated was, to show the jurisdiction and to inform the clerk to what county the writ should be directed, and both these purposes are accomplished, in case of a defendant railway company, by showing that it operates its road and has a local agent in the county. In such case, its residence was immaterial to the question either of jurisdiction or of service of process.   (P. 251.)

**4.—Cases Discussed.**

Southern Cot. Press Co. v. Bradley, 52 Texas, 597, followed, and Weems v. Watson, 91 Texas, 35; Yerkell v. Barnett, 25 Texas Civ. App., 26, distinguished. (Pp. 252, 253.)

Question certified from the Court of Civil Appeals, Third District, in an appeal from Brown County.

*Hanson & Wayman,* for plaintiff in error, on motion to dismiss, cited: Bristol v. Chicago & A. R. Co., 15 Ill., 432; Jossey v. Railway Co., 28 S. E., 273; Railway Co. v. Morgan County, 14 Ill., 163; Thorne v. Railway Co., 26 N. J. L., 121; Bord, etc., v. Frankfort, 58 S. W.,

373; State v. Coal Co., 29 S. W., 119; Railway Co. v. Gonzales, 151 U. S., 505; Bergner v. Dreyfus, 51 N. E., 532; Robinson v. Railway Co., 72 Pac., 855; Locomotive E. & S. T. Co. v. Erie R. Co., 10 Blatch., 292; Davis v. Central R. & B. Co., 17 Ga., 325; Sherwood v. Saratoga & W. R. Co., 15 Barb., 650.

*L. McCartney*, for defendant in error.

Mr. Justice Dibrell delivered the opinion of the court.

The Court of Civil Appeals of the Third Supreme Judicial District has certified to this court for consideration and answer the following statement and question:

"In this case now pending in the Court of Civil Appeals for the Third District, a motion has been submitted and is now under consideration to dismiss the writ of error by which the case has reached this court. The motion is predicated upon the ground that the petition for writ of error fails to state the residence of the defendant in error. The transcript shows, by allegation in the plaintiff's original petition upon which the case was tried, and in the petition for writ of error, that the defendant in error is a private corporation, incorporated under and by virtue of the laws of the State of Texas, and it is alleged in the petition for writ of error that said defendant has a line of railway extending into and through Brown County, Texas, with L. C. Voeker as its local agent at Brownwood, Brown County, Texas, and that C. L. McCartney, a resident of Brown County, Texas, is its attorney of record in this cause. The case was tried in the County Court of Brown County.

"Article 1391 of the Revised Statutes requires a petition for writ of error to state the names and residences of the defendants; and in Weems v. Watson, 91 Texas, 35, it was held that the requirement referred to is mandatory. In the case at bar the original petition upon which the case was tried did not allege the defendant's residence, but alleged the facts necessary to obtain citation and service thereof under art. 1222 of the Revised Statutes; and the same course was pursued in reference to citation and service thereof in the writ of error proceeding. The citation issued upon the petition for writ of error was served upon L. C. Voeker, the local agent of the defendant. The defendant in error has not filed any brief, nor appeared otherwise than by the motion to dismiss the writ of error.

"The motion to dismiss the writ of error presents an important question of practice; and, as the jurisdiction of this court is final in this case, we deem it proper to certify the question, in order that it may be finally determined as early as possible. In addition to the Weems case, attention is directed to Texas & Pacific Railway Co. v. Edmisson, 52 S. W., 635. With the foregoing statement and explanation the Court of Civil Appeals certifies to the Supreme Court for decision this question:

"Should the motion to dismiss the writ of error be sustained? In other words, was it necessary, in order to confer jurisdiction upon the Court of Civil Appeals, that the petition for writ of error should state the residence of the defendant, a railroad corporation; or was the alle-

gation in the petition that said defendant 'was a corporation, incorporated under the laws of the State of Texas, having a line of railway extending into and through Brown County, Texas, with L. C. Voeker as its local agent at Brownwood, and that C. L. McCartney, a resident of Brown County, Texas, was its attorney of record in this cause,' a suffcient compliance with art. 1391, Rev. Stats., as construed in Weems v. Watson supra?"

We answer the question in the negative and say the motion to dismiss the writ of error should not be sustained. The evident purpose of art. 1391, Revised Civil Statutes, in prescribing as a requisite in a petition for writ of error that such petition, among other things, "shall state the residences of the parties adversely interested," was to inform the clerk of the court to what county the writ should be directed. This accomplished, the purpose of the law has been effected. By force of art. 1194, sub. 23 of the Revised Civil Statutes, a railroad corporation may be sued in any county in this State in which such company has an agency, or representative, or through, or into which the railroad of such corporation extends or operates, and by other statutory enactments it is provided that service of citation may be had upon such local agent or representative. In this instance the original suit was brought in Brown County against the defendant in error, the railroad company, and the petition for writ of error alleged that "said defendant has a line of railway extending into and through Brown County, Texas, with L. C. Voeker as its local agent at Brownwood, and that C. L. McCartney, a resident of Brown County, Texas, is its attorney of record in this cause." While technically speaking the residence of the defendant in error is not stated, yet all such facts are stated as are sufficient to give the clerk the required information upon which to issue the proper citation and to have the same served upon the proper party. No more could have been accomplished had the petition stated the residence of the defendant in error according to the letter of the statute.

In construing statutes it is the uniform rule of the courts to ascertain, if possible, their purpose, and when this can be done with clearness to give force to the spirit rather than to the letter of the law. As said by Justice Wheeler in Forshey v. Railroad Co., 16 Texas, 528: "In interpreting a statute, it is not, in general, a true line of construction to decide according to the strict letter of the act; but the courts will rather consider what is its fair meaning, and will expound it differently from the letter in order to preserve the intent."

Similar provisions to that under discussion are contained in other acts; for instance, it is made a requisite in petitions for suits that the names of the parties and their residences shall be set forth. In the latter case the statement of the residences of the parties has the two-fold purpose of giving the court jurisdiction over the person and informing the clerk to what county the writ should be directed, but in petitions for writs of error to the Courts of Civil Appeals the allegation of residence was for the one purpose of enabling service to be had on the parties to be adversely affected by the writ of error.

So far as we are able to find this precise question has not been before this court for decision, but reasoning from analogy we think the case of Southern Cotton Press Co. v. Bradley, 52 Texas, 597, decided by the

Supreme Court of this State furnishes a precedent for our view. In that case the objection was made by special exception that plaintiff's petition failed to allege the residence of the defendant, and it was held that where the suit was against a corporation for a trespass, since a corporation, as such, could be sued either in the county of its domicile, or in the county where the alleged trespass occurred, the allegation of residence of defendant was not material to show that the court had jurisdiction of the person. It will not be questioned that had the petition for writ of error in this case alleged the residence of the defendant in error to be in the county where its general office is located, that even if the location of such office, which by statutory enactment is made its domicile, should have been in a county other than the one from which the writ of error is sued out, still service of the citation could have been made in either the county of the domicile of the railroad company, or in the county where it had a line of railroad in operation and an agent located. It thus becomes a pertinent question in the light of the purpose of the statutory provision being considered, what additional force would the allegation of residence of the party adversely interested have given to the allegations contained in the petition to the effect that the railroad company was operating a line of railroad in Brown County and had located in said county an agent, giving his name? We think such allegation would have added no force to those made in the petition as they relate to the defendant in error.

Our attention has been directed to the case of Weems v. Watson, 91 Texas, 35, as presenting a possible conflict with the construction here given art. 1391. That case, however, is clearly distinguishable from the one under consideration. In the Weems case there were forty-nine plaintiffs in the court below including Gertrude Watson, all of whom recovered a joint judgment for a tract of land against the plaintiffs in error. In the petition for writ of error the name of Gertrude Watson was left out—no mention was made of her. In so far as she was affected by the petition for writ of error the Appellate Court was wholly without jurisdiction. The old practice of suing out writs of error without naming the parties adversely interested had been superseded by the new rule requiring the petition for writ of error to give the names and residences of the parties adversely interested. There was no rule of construction by which the court could, by intendment or otherwise, supply the name of a party adversely interested to the plaintiffs in error. Such statement in the petition for writ of error was mandatory and made a prerequisite to give the Court of Civil Appeals jurisdiction over the defendant in error, but it does not follow from the holding in the Weems case that the same strictness of construction would have been made of the requirements for the petition for writ of error if the name of Gertrude Watson had been stated in the petition and a statement of her residence omitted. As a matter of fact the question of the absence of the statement of the residence of Gertrude Watson in the petition for writ of error in that case was not considered by the court. The motion to dismiss the writ of error was based on the sole "ground that Gertrude Watson, one of the plaintiffs below and who with the other plaintiffs recovered a joint judgment against Roberts and Roberts for the land, is not mentioned in the petition for writ of error, was

not served with citation in error, did not appear in the Court of Civil Appeals, and was not a party to the writ of error proceedings, wherefore the court was without jurisdiction of the cause."

For the purpose of showing that the gravamen of the holding in the Weems case grew out of the fact that the name of Gertrude Watson was not contained in the petition for writ of error we quote the following paragraph from the opinion of Justice Denman who spoke for the court:

"In the Revised Statutes of 1879, however, still in force, it is expressly provided that 'the petition shall state the names and residences of the parties adversely interested, etc.' After much consideration and examination of the authorities we have reached the conclusion that it was intended by this specific and imperative provision to change the rule announced by the former statute, as construed by the decisions of this court thereon, in order to prevent the confusion and difficulties attendant upon suing out writs of error. The Legislature having power to preclude the exercise of appellate jurisdiction by the Appellate Courts unless the parties invoking same comply with certain rules and regulations, we do not feel authorized to annul such regulations by construction when the intent of the lawmaking power has been clearly expressed. We have reached the conclusion that, viewed in the light of the previous statute and decisions, it was the purpose of the Legislature to make the above provision mandatory, and we must so hold. Any other ruling would virtually annul the positive provision of the statute above quoted and leave the law as it was prior to its enactment. We are therefore of the opinion that the Court of Civil Appeals did not err in holding that Gertrude Watson was not made defendant in the writ of error proceedings, and in dismissing the writ of error as to all of plaintiffs below, it not appearing from the record what interest in the land Gertrude Watson was entitled to so that the judgment could be revised as between plaintiffs in error and the other plaintiffs below without prejudice to her rights."

From the foregoing extract it will be seen that no mention is made of the omission of the statement of the residence of Gertrude Watson for the petition for writ of error. That issue was not and could not have been the subject of discussion in that opinion. The court had no opportunity to reach that question, because there was no party, in so far as Gertrude Watson was concerned, named as adversely interested to the plaintiffs in error, whose residence could be the subject of discussion. Wherefore we say the present case is clearly distinguishable from the Weems case, and the precise question certified by the Court of Civil Appeals and here answered has not heretofore been the subject of construction.

What is said of the Weems case is also applicable to the case of Yerkell v. Barnett, 25 Texas Civ. App., 726, 61 S. W., 153, which involved the same question and in which case this court refused a writ of error.