

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 6, 1962

*Overruled by C-30*

Honorable Jim N. Thompson
County Attorney
Lamar County
Paris, Texas

Opinion No. WW-1489

Re: Whether paragraph (H) of
Article 20.04, Chapter
20, Title 122A, Taxation
General (the sales tax),
exempts both the seller
and the purchaser from
all the taxes of Chapter
20 under the submitted
facts.

Dear Mr. Thompson:

    You requested the opinion of this office upon the following question:

        "Does paragraph (H) of Article 20.04 of
Chapter 20, Title 122A, Vernon's Texas Civil
Statutes (the Texas Limited Sales, Excise and
Use Tax Act), exempt both the seller and the
purchaser or consumer from all of the taxes
imposed by that Act where tangible personal
property to be used in this State is purchased
at retail and delivered by the seller to the
purchaser pursuant to a valid written contract
executed prior to September 1, 1961, the contract
being a contract of sale of tangible personal
property in a certain fixed quantity at a certain
fixed price with delivery to be on certain fixed
dates after September 1, 1961, and notice of such
contract and the exclusion claimed under paragraph
(H) having been duly given by the taxpayer to the
Comptroller on or before the lapse of one hundred
and twenty (120) days from the date of the passage
of the Act?"

    The Texas Limited Sales, Excise and Use Tax Act is, of
course, new to the law of Texas and we are not aware of any reported
cases construing the effect of paragraph (H). The question presented
is entirely one of statutory construction. Therefore, we must use
the rules of statutory construction applicable to taxation statutes.

Article 1.01, Title 122A, Taxation General, Vernon's Civil Statutes, states that:

"Unless specifically altered by this Act or unless the context requires otherwise, the provisions of Articles 10, 11, 12, 14, 22 and 23, Revised Civil Statutes of Texas, and of Acts, Fiftieth Legislature, 1947, Chapter 359, compiled as Texas Civil Statutes, Article 23a (Vernon's 1948) apply to this Act."

Article 10, Vernon's Civil Statutes, provides general rules for statutory construction and directs the courts to look diligently for the intention of the Legislature with a view to the old law, the evil and the remedy. It further directs that statutory provisions shall be liberally construed with a view to effect their objects and to promote justice. The provisions of Articles 11, 12, 14, 22 and 23 are not applicable to the present question.

It is well settled that the intention of the Legislature is the paramount consideration in construing a statute, because such intention is the law itself. State v. Dyer, 145 Tex. 586, 200 S.W.2d 813 (1947); McInery v. City of Galveston, 58 Tex. 334 (1883); City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273 (1951). Where the intent is apparent from the words, phrase or paragraph under consideration, rules of construction become unnecessary. The words of paragraph (H) are sufficiently clear to reveal the intent of the Legislature.

"(H) Written Contracts and Bids Executed Prior to the Effective Date of this Chapter. There are exempted from the taxes imposed by this Chapter the receipts from the sale, use or rental of, and the storage use or other consumption in this State of, tangible personal property (i) used for the performance of a written contract entered into prior to the effective date of this Chapter or (ii) pursuant to the obligation of a bid or bids submitted prior to the effective date of this Chapter which bid or bids could not be altered or withdrawn on or after that date and which bid or bids and contract entered into pursuant thereto are at a fixed price not subject to change or modification by reason of a tax imposed by this Chapter.

"Provided, however, that notice of such contract or bid by reason of which an exclusion is claimed under this paragraph (H) must be given by the taxpayer to the

Comptroller on or before the lapse of one hundred
and twenty (120) days from the date of passage
of this Chapter."

The requirement of notice to the Comptroller within one
hundred and twenty (120) days is met in the situation posed by your
question and its effect need not be considered.

We believe that paragraph (H) exempts both the seller and
the purchaser or consumer from all the taxes imposed by Chapter 20
where tangible personal property to be used in this State is
purchased at retail and delivered by the seller to the purchaser
pursuant to a valid written contract executed prior to September
1, 1961, with delivery to be on certain fixed dates after September
1, 1961, in a certain fixed quantity at a certain fixed price.

While we believe that the plain words of paragraph (H) are
sufficiently clear to reveal the intention of the Legislature, it
must be remembered that "every word of a statute is presumed to have
been used for a purpose and a cardinal rule of statutory construction
requires that each sentence, clause, phrase and word be given effect
if reasonably possible." Eddins-Walcher Butane Co. v. Calvert, 156
Tex. 587, 298 S.W.2d 93, 96 (1957), citing 39 Tex.Jur. 208,
Statutes, Section 112, and authorities cited therein. Furthermore,
a liberal construction, as directed by Article 10, Vernon's Civil
Statutes, means to give to the words of a statute their generally
accepted meaning. Maryland Cas. Co. v. Smith, 40 S.W.2d 913 (Civ.
App. 1931).

Paragraph (H) begins, "There are exempted from the taxes
imposed by this Chapter . . ." It will be noted that the word
"taxes" is used in the plural form, and must therefore relate to
all taxes imposed by Chapter 20, namely the sales, excise, and use
taxes. If the exemption had been meant to apply to less than all
taxes, limiting terms would have been used. The language "by this
Chapter" is obviously broad and applies to any tax imposed by any
article within Chapter 20. The exemption then is from all taxes
imposed by any part of Chapter 20.

This broad exemption applies to "the receipts from the sale,
use or rental of, and the storage use or other consumption in this
State of, tangible personal property . . ." This language is like-
wise broad. The seller is exempted from liability on his "receipts
from the sale, use or rental of" tangible personal property, and
the buyer or consumer is exempted from a use tax on "the storage
use or other consumption in this State of, tangible personal
property." To say that the buyer or consumer is not exempted from a

use tax is to insert restrictive or limiting language in the statute where none actually exists. The words "storage use or other consumption" are very broad and are in no way limited by the plain words of the statute to certain types of use or particular types of consumption.

The language examined above is broad and general. The limitations imposed in paragraph (H) are categorized in two conditions. The first is that the property must be "used for the performance of a written contract entered into prior to the effective date of this Chapter . . . and which . . . contract entered into pursuant thereto are at a fixed price not subject to change or modification by reason of a tax imposed by this Chapter." The second condition pertains to bids and does not concern us here. It is readily apparent that this limiting clause is both narrow and precise, and we must assume that if further limitations were intended they would be equally explicit. To qualify for the exemption from the taxes of Chapter 20, one must have entered into a contract concerning the tangible personal property in question prior to the effective date of the Chapter, September 1, 1961, and the contract price must not be subject to change because of taxes levied by this Chapter 20. These requisites have apparently been met by the contract described in your question.

There appears to be no official record of the intent of Legislators in wording paragraph (H) as they did, other than the words of the statute itself.

An examination of a contrary construction of paragraph (H) proves the correctness of our conclusions. The Texas Supreme Court has stated that in the event that "the intention of the Legislature is so inadequately or vaguely expressed that the court must resort to construction, it is proper to consider the results and consequences of any proposed construction, and the court will, if possible, place upon the statute a construction which will not result in injustice, oppression, hardship, or inconvenience, unreasonableness, prejudice to public interest, or absurd consequences." National Surety Corporation v. Ladd, 131 Tex. 295, 115 S.W.2d 600, 603 (1938), citing 59 Corpus Juris. 969.

The sales tax is imposed by Article 20.02 on retail sales. The responsibility for paying the tax to the State is that of the retailer, but Article 20.02, Section (A) states that the tax is to be collected from the consumer. If paragraph (H) is to relieve any tax burden at all by the exception contained therein, it will eliminate the tax paid by the consumer rather than merely eliminate the collection of the tax by the retailer. If paragraph (H) is construed to exempt property from only the sales tax and not exempt it from a use tax on the consumer, the effect is to give no relief

at all.  Rather, the same amount of tax would be paid by the consumer and the only effect would be to call the tax by another name, i.e., a use tax rather than a sales tax.  Therefore, if paragraph (H) is to be given effect as an exemption from "the taxes imposed by this Chapter," the proper interpretation, in our opinion, of the Legislature's intent is that both the seller and the purchaser or consumer are to be exempt from all taxes imposed by Chapter 20 when the limiting requirements of paragraph (H) are met.  To construe paragraph (H) otherwise would be to ignore the rule quoted above from Eddins-Walcher Butane Co. v. Calvert, supra.

## S U M M A R Y

Paragraph (H) of Article 20.04, Taxation General, Vernon's Civil Statutes, exempts both the seller and purchaser or consumer from all the taxes imposed by Chapter 20, when tangible personal property is sold pursuant to a written contract entered into prior to September 1, 1961, provided that the express conditions of paragraph (H) are met.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: J. Albert Pruett, Jr.
Assistant Attorney General

JAP:ca

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Bill Allen
Arthur Sandlin
L. P. Lollar
Thomas H. Peterson

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore