**FIRENCE FOOTWEAR CO., Plaintiff in Error,**

v.

**Leonard CAMPBELL et ux., Defendants in Error.**

No. 14909.

Court of Civil Appeals of Texas.

Houston.

Oct. 6, 1966.

Stafford, Williams & Weitinger, Warren K. Williams, Houston, for plaintiff in error.

Asbeery B. Butler, Jr., Houston, for defendants in error.

On Motion for Rehearing

BELL, Chief Justice.

The opinion on Defendants in error's motion to dismiss heretofore handed down is withdrawn and the following opinion is substituted.

A default judgment was rendered in favor of Leonard Campbell and his wife, Florence, against Firence Footwear Company. The defendant filed with the Clerk of the trial court his petition for writ of error.

The defendants in error have filed a motion to dismiss the appeal because, among other things, the petition fails to name all persons adversely affected.

The petition states: "The plaintiffs in said cause are the adverse parties to this petition * * *" In the style of the case given in the petition this is given: "Leonard Campbell, et ux vs. Globe Discount City, et al".

When the style of the case, as given in the petition for writ of error, is looked to we see that the plaintiffs are "Leonard Campbell, et ux". The wife's name does not appear in the petition for writ of error. However, when we look to the plaintiffs' First Amended Original Petition filed in the 11th District Court under the same style and number as appear on the petition for writ of error, we find the name of the wife to be "Florence". The thing that is of real significance is the petition on which trial was had in the 11th District Court shows that the damages sought resulted from personal injuries to the wife. The cause of action thus asserted belonged to the general community estate which is subject solely to the control of the husband. He, solely, in the absence of special circumstances not here present, has the right to maintain the action for recovery of such property. The wife is not even a proper party to the suit. Roberts et al. v. Magnolia Petroleum Co. et al., 142 S.W.2d 315 (Tex.Civ.App.), writ ref. 135 Tex. 289, 143 S.W.2d 79; Hill v. Kelsey, 89 S.W.2d 1017 (Tex.Civ.App.), writ dism.; Houston Gas and Fuel Co. v. Spradlin, 55 S.W.2d 1086 (Tex.Civ.App.), n. w. h. The result is that the only real party adversely interested is Leonard Campbell. We feel the petition for writ of error, by the language above quoted, sufficiently names the party adversely interested, as required by Rule 360, Texas Rules of Civil Procedure.

In the case of Weems et al. v. Watson et al., 91 Tex. 35, 40 S.W. 722, heavily relied on by Defendants in error, Gertrude Watson was not named in the petition for writ of error though she was named in the bond. The court noted:

"We are therefore of the opinion that the court of civil appeals did not err in holding that Gertrude Watson was not made defendant in the writ of error proceedings, and in dismissing the writ of error as to all of plaintiffs below, it not appearing from the record what interest in the land Gertrude Watson was entitled to, so that the judgment could be revised as between plaintiffs in error and the other plaintiffs below without prejudice to her rights."

Here the real party adversely interested is Leonard Campbell.

Too, we feel that Florence Campbell was sufficiently named because the language above quoted states the plaintiffs in the specified styled and numbered cause in the 11th District Court, where the cause was filed and the judgment rendered, are the persons adversely interested.

All other cases cited by Defendants in error are factually distinguishable.

Another reason urged for dismissal is the alleged failure to state the residences of the parties adversely interested, as pro-

**518**

vided by Rule 360. The petition for writ of error stated the address of plaintiffs was Houston, Harris County, Texas. This is the only address stated in plaintiffs' petition in the trial court. The petition for writ of error gives the address of plaintiffs' attorney of record as "1013 Continental Bldg., 218 Main Street, Houston, Texas, 77002". Defendants in error say the attorney's address was incorrect. We find that this is the attorney's address appearing on plaintiffs' first amended petition upon which the judgment is based. Rule 362 provides for service of the copy of the petition for writ of error on the attorney of record. The attorney apparently was served because he makes no complaint that he was not. The purpose of giving addresses is to facilitate service. The petition for writ of error sufficiently complied with Rule 360 in this regard. Padgitt v. Ft. Worth & R. G. Ry. Co., 104 Tex. 249, 136 S.W. 442.

■ Finally, it is urged that the judgment appealed from is not sufficiently described in the petition for writ of error as it does not state the county where judgment was rendered. We are unable to agree.

The petition for writ of error is headed by the style of the case, the number is given and the District Court in Harris County in which it was pending is stated. In the body of the petition for writ of error this appears:

"The judgment of which complaint is made is in Cause No. 615,614 as styled above and was rendered October 20, 1965, and signed by the Honorable Ben Moorhead. Said judgment was by default and in the amount of $5,328.00."

Plaintiff in error's motion for rehearing on Defendants in error's motion to dismiss is granted. Our judgment dismissing the appeal is set aside and the appeal is reinstated.