**FIRENCE FOOTWEAR CO., Plaintiff in Error,**

v.

**Leonard CAMPBELL et ux., Defendants in Error.**

No. 14909.

Court of Civil Appeals of Texas.

Houston.

Feb. 2, 1967.

Rehearing Denied Feb. 23, 1967.

Stafford, Williams & Weitinger, Warren K. Williams, Houston, for appellant.

Asberry B. Butler, Jr., Houston, for appellees.

BELL, Chief Justice.

The appeal reaches this Court by way of writ of error. The appeal is by Firence Footwear Company, a foreign corporation, from a default judgment. We will refer to Plaintiff in Error as defendant. We will refer to Defendants in Error as plaintiffs.

The defendant attacks the default judgment as being void because of want of jurisdiction over its person because of want of proper service. There was no appearance in any manner by defendant in the trial court.

Defendant was first made a party to the suit by plaintiffs' "First Amended Petition." In the petition plaintiffs alleged they complained of "Globe Discount City, a Texas Corporation and Firence Footwear Co., a New York Corporation, 108 Wooster Street, New York, New York, * * *." It is then alleged that "service on Firence Footwear may be had at 108 Wooster Street, New York City, New York, through the Secretary of State, Austin, Texas."

The plaintiffs then assert as their cause of action that plaintiff, Florence Campbell, wore some shoes she purchased in Houston from Globe Discount City, and they contained chemicals or dyes placed in them by the "defendants or their agent." These chemicals or dyes were alleged to have caused Mrs. Campbell's feet to become blotched and to change color. Then resulting damages are specified and judgment was sought for $105,000.00.

The citation was addressed in this manner: "To Firence Footwear Co., a New York corporation—service may be had by serving the Secretary of State, Austin, Texas."

There also appears in the record a "Certificate of Service from Secretary of State, State of Texas." It was filed in the office of the District Clerk of Harris County September 8, 1965. It certifies that the citation in the case was delivered to the Secretary of State on June 18, 1965, and that a copy was forwarded on June 24, 1965 by Certified Mail, Return Receipt Requested, to Firence Footwear, 108 Wooster Street, New York City, New York, in accordance with the provisions of Article 2031b, Vernon's Annotated Civil Statutes of Texas. It is further certified that the return receipt was received bearing the signature of the addressee's agent and was dated June 29, 1965.

On August 11, 1965, Globe Discount City was dismissed, without prejudice, on motion of plaintiffs.

On October 20, 1965, judgment by default was rendered against the defendant for $5,328.00 with interest from October 11, 1965. The judgment recites: "* * * the Defendant, Firence Footwear Company, comes not, and it appearing to the Court that the said Defendant, Firence Footwear Company has been duly and personally served with a duty certified copy of the summons and complaint in this action, as required by law and directed by law, and by a person duly qualified and empowered by the law to serve same * * *; that Defendant has not appeared herein, and that no answer, motion, or other pleading has been served or filed in this action, by the said Defendant, Firence Footwear Company * * *" that judgment is rendered by default against the Defendant.

■■■ Review by writ of error constitutes a direct attack on the judgment and in such an attack the question is whether the lack of jurisdiction is apparent on the face of the record. While ordinarily presumptions are made in support of a judgment, no such presumptions are made in a direct attack on a default judgment. This same rule applies to inferences of jurisdictional facts in a direct attack. Jurisdiction in this type of case must affirmatively appear from the face of the record. McKanna v. Edgar, 388 S.W.2d 927 (Tex.Sup.), and authorities there cited.

From our analysis of the plaintiffs' amended petition it will be noted that it only appears that the defendant was a New York corporation. It is nowhere alleged that it was doing or had done business in Texas. It was not alleged that it was authorized or had a permit to do business here. It was

nowhere alleged that it had failed to appoint an agent for the purpose of service.

Under Article 8.10, Texas Business Corporation Act, V.A.T.S., if defendant had a permit to do business, service on the Secretary of State is authorized where the corporation has failed to appoint an agent.

Article 2031, V.A.T.S., providing for service on a foreign corporation, provides for service on certain officers and agents and makes no provision for service on the Secretary of State.

Article 2031a, V.A.T.S., provides in substance that no foreign corporation shall transact business in this State without appointing an agent for service. If there is a failure to do this, then service may be on the Secretary of State.

Article 2031b, Section 1, provides, among other things, that a foreign corporation that is required to appoint an agent and fails to do so may then be served by service on the Secretary of State. Section 2 of said Article provides that a foreign corporation not required to designate an agent for service but which is doing business in the State may be served by service upon the person in charge of the business. Section 3 provides that if the foreign corporation is doing business in the State and does not designate an agent and has no regular place of business in the State, it may be served through the Secretary of State.

■ Plaintiffs' pleading having alleged no facts authorizing service on the Secretary of State and the record reflecting only service on the Secretary of State, and it affirmatively appearing there was no appearance by defendant, the trial court was without jurisdiction to render a default judgment.

■ The defendant by appearing to attack the judgment is presumed to have entered its appearance to the term of court at which the mandate may be filed. Rule 123, Texas Rules of Civil Procedure; McKanna v. Edgar, supra.

Heretofore by written opinion reported in 406 S.W.2d 516, we overruled plaintiffs' motion to dismiss the appeal. We reaffirm that holding.

Reversed and remanded.