Marvin THOMAS, Temporary Administrator of The Estate of Richard Murray Harris, Deceased, et al., Appellants,

v.

Louise ILIFF, Guardian, et al., Appellees.

No. 8280.

Court of Civil Appeals of Texas, Texarkana.

June 17, 1975.

Cornelius & Shivers, Jefferson, for appellants.

Ruben K. Abney, Abney & Baldwin, Marshall, Philip Brin, Longview, Ernest F. Smith, Marshall, for appellees.

RAY, Justice.

This is a probate proceeding. Appellants (petitioners), Marvin Thomas, Temporary Administrator of the Estate of Richard Murray Harris; and, Penelope Harris

Jones, an heir at law of the late Richard Murray Harris, have sought to set aside the order appointing Louise A. Iliff the guardian of Richard Murray Harris and the subsequent sale of some of the Harris land to Thomas L. Whaley. Richard Murray Harris is now deceased. Louis A. Iliff was the mother of Richard Murray Harris and was appointed his guardian. Penelope Harris Jones sought without success to overturn the appointment of the guardian and the sale of the realty, acting in her capacity as Temporary Administratrix of the Harris Estate. Marvin Thomas who subsequently became the Temporary Administrator of the Estate of Richard Murray Harris, deceased, in cause No. 74–1275–CP in the Probate Court of Dallas County, Texas, did not participate in the proceedings held in the County Court of Harrison County, though a motion for new trial had been filed in that proceeding by Penelope Harris Jones as Temporary Administratrix of the Harris Estate. The ward has died since the appointment of the guardian, the orders complained of, and the sale thereunder. When the will of Richard Murray Harris was filed for probate in Dallas County, Penelope Harris Jones filed a contest. As the result of that contest, a Temporary Administrator, Marvin Thomas, was appointed with limited powers, and he has sought to make himself an appellant and petitioner herein. The Harrison County Court did not grant Penelope Harris Jones any relief, either individually or as Temporary Administratrix of the Estate of Richard Murray Harris, deceased, but on the contrary entered its order confirming the sale of the real estate.

Appellants have sought to have this court revise and correct the judgment of the County Court of Harrison County.

Appellants' points of error suggest that the County Court of Harrison County had no authority to appoint a guardian for Richard Murray Harris; that the sale of the property at private sale was not advantageous to the estate of the ward because fair compensation was not received; and, that the County Court erred in upholding Louise Iliff's motion to strike Penelope Harris Jones' motion for new trial.

■ Appellees questioned the jurisdiction of this court to entertain the petition for writ of error on the basis that the petition failed to name as adverse parties (1) the surety upon the bond of the guardian, United States Fire Insurance Company, and (2) one of the purchasers of the realty from the guardian, Patricia Pope Whaley. Appellants have sought to amend their petition for writ of error to include these two adverse parties, but the application to amend was filed more than six months after the complained of orders and not within the time prescribed by Vernon's Tex.Rev.Civ. Stat.Ann. art. 2255. "There is no statute or rule authorizing amendment of a petition for writ of error in the Court of Civil Appeals and, accordingly, a legally insufficient petition may not be amended in that court." Appellate Procedure In Texas, Sec. 5.3, Petition for Writ of Error; *Summers v. Silverton Nat. Farm Loan Ass'n,* 268 S.W. 223, 225 (Tex.Civ.App., Amarillo 1924, writ dism'd); *Weems v. Watson,* 91 Tex. 35, 40 S.W. 722, 724 (1897).

Since Patricia Pope Whaley and United States Fire Insurance Company are adversely interested parties who were not named in the petition for writ of error as required by Rule 360, Texas Rules of Civil Procedure, the appellants' petition for writ of error is not sufficient to invoke the appellate jurisdiction of the Court of Civil Appeals to review the provisions of the complained of orders affecting such parties. Because Patricia Pope Whaley and United States Fire Insurance Company could be adversely affected by any judgment that this court might render, it was therefore mandatory that each be named in the petition for writ of error in order to confer

**570**

jurisdiction upon this court. *Weems v. Watson,* supra; *Padgitt v. Fort Worth & R. G. Ry. Co.,* 104 Tex. 249, 136 S.W. 442, 444 (1911). We hold that this court has acquired no jurisdiction under the faulty petition for writ of error and thus appellants' petition for writ of error must be dismissed.

■■■ Appellees contend that the remedy of appeal by writ of error from the County Court to the Court of Civil Appeals in probate matters is not available for revision of judgments of the County Court. We agree. At the time this case was tried, the Legislature had only provided three methods for the review of probate proceedings which are, by appeal to the Courts of Civil Appeals (Sections 5 and 28), by certiorari to the District Court (Section 30), and by bill of review (Section 31). In this case, appellants sought to have the proceedings of the County Court "revised and corrected." The remedy for such is by certiorari to the District Court. *Cluck v. Hester, Judge, et al.* 521 S.W.2d 845 (Tex.1975). Tex.Rev.Civ.Stat.Ann. art. 2249 is not applicable to probate matters, *Vail v. Vail,* 438 S.W.2d 115 (Tex.Civ.App., Waco 1969, no writ).

■■ Had appellants made application for writ of certiorari, it still would have been necessary for them to have named in the application each party adversely interested, and the failure to do so would have constituted a collateral attack upon the proceedings of the County Court and would not have invoked the jurisdiction of the District Court to entertain the application for writ of certiorari. Rule 344, Tex.R.Civ.P.; *Moore v. McInnis,* 295 S.W.2d 707 (Tex.Civ. App., Eastland 1956, writ ref'd n. r. e.).

Appellants' petition for writ of error is dismissed.

CORNELIUS, J., not participating.