## PAYNE et al. v. LIVINGSTON et al.
### (No. 6582.)

(Court of Civil Appeals of Texas. Austin. April 11, 1923. Rehearing Denied June 20, 1923.)

1. **Attorney and client** ⬖20—**Permitting attorney at law to confess judgment for party whose interest was adverse to his client improper practice.**

Where, in trespass to try title, defendant made its warrantor a party defendant and warrantor made appearance by attorney at law jointly with C. and answered that it purchased the land as agent for C., to permit the attorney so to enter appearance and in effect confess judgment for C., whose interest was adverse to warrantor, was improper practice.

2. **Appeal and error** ⬖327(4)—**One not party to suit not necessary defendant to writ of error.**

Where, in trespass to try title, defendant made its warrantor a party defendant and warrantor entered its appearance jointly with C. Company, but its plea did not disclose that C. Company was such entity as had standing in court, not being a party to the suit, it was not necessary to make it a defendant in the writ of error.

3. **Partnership** ⬖197—**Partnership can sue and be sued only in name of parties composing it.**

A partnership is not a legal entity, but can sue and be sued only in the name of the parties composing it.

4. **Appeal and error** ⬖376—**One not party to suit not necessary payee in writ of error bond.**

One not a party to the suit is not a necessary payee in writ of error bond.

Error from District Court, McLennan County; Jas. P. Alexander, Judge.

Trespass to try title by B. A. Payne and others against H. Livingston and others. Judgment for defendants, and plaintiffs bring error. On motion to dismiss writ of error. Motion denied.

Johnston & Hughes, of Waco, for plaintiffs in error.

Garrett & Sheehy and G. W. Smith, all of Waco, for defendants in error.

JENKINS, J. Defendants in error herein filed a motion to dismiss the writ of error in this cause, for the reason that the petition for the same does not contain the names and addresses of all parties adversely interested; the contention being that the Cooper Grocery Company should have been made a party defendant to the writ of error.

This suit was instituted by the plaintiffs in error against H. Livingston, in trespass to try title. The defendant Livingston answered, making W. N. Orand party defendant on his warranty. A pleading was filed in this cause, styled, "First Amended Answer of Defendants, W. N. Orand and Cooper Grocery Company," in which after filing exceptions, general and special, to the cross-action of the defendant Livingston, we find this language: "And for further answer herein the defendants, W. N. Orand and the Cooper Grocery Company, say the plaintiffs ought not to have and maintain their suit,

etc.," pleading the statute of limitation in behalf of Livingston; and also alleging that the plaintiffs, who sue as the heirs of R. E. Payne, deceased, ought not to recover for the reason that said Payne, as the survivor of the community estate of himself and deceased wife, executed a deed to said land to W. N. Orand. This pleading also alleges that, in the purchase of the land, Orand was the agent of the Cooper Grocery Company. The tenth subdivision of said pleading concludes with the prayer of defendant Orand for judgment against the defendant Cooper Grocery Company for any amount that he may be adjudged to pay by reason of his warranty.

[1] The Cooper Grocery Company was not cited, and can be regarded as a party to this suit only upon the theory that this joint plea with Orand was a voluntary appearance. This plea is signed by the attorney for Orand, who also signs himself as attorney for the Cooper Grocery Company. The interests of the Cooper Grocery Company and of Orand were adverse, and we hold that it would be improper practice to permit the attorney for Orand to appear for Cooper Grocery Company, and in effect confess judgment for the company.

[2, 3] There is nothing in the pleading to indicate who or what the Cooper Grocery Company is. We do not think that we ought to presume that this is the name of a person. It is not alleged to be a corporation. If a partnership, the names of the parties composing it should have been set out. It is held in this state that a partnership is not a legal entity, but can sue and be sued only in the name of the parties composing the same. This being true, the plea referred to does not disclose that the Cooper Grocery Company is either a person, partnership, or corporation, and therefore does not show that it could have any standing in court; such being the case, we do not think that the Cooper Grocery Company was ever a party to this suit. It was not necessary, for this reason, that plaintiffs in error should make it a party defendant in the writ of error.

[4] Defendants in error also move to quash the writ of error bond, for the reason that the Cooper Grocery Company is not one of the payees therein. For the reasons above stated, it was not necessary that the Cooper Grocery Company should be made payee in the bond. Plaintiffs in error have offered, in the event we hold it necessary, to file an amended bond. We do not think such amended bond necessary.

For the reasons stated, the motion of the defendants in error to dismiss this cause is overruled.

Motion overruled.