Maria Herrera **MOLINA**, Appellant,

v.

Bill **NEGLEY**, d/b/a Paisano Homes,
Appellee.

No. 14666.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 21, 1968.

Rehearing Denied March 27, 1968.

Evans & Marshall, San Antonio, for appellant.

Matthews, Nowlin, Macfarlane & Barrett, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal by Maria Herrera Molina from an order of dismissal rendered against her in the County Court at Law No. 1, of Bexar County, Texas.

Appellant originally brought suit in the Justice Court against appellee, Bill Negley, d/b/a Paisano Homes, where, after a jury trial, judgment was entered in accordance with the jury verdict that appellant take nothing against appellee. Such judgment was entered on February 16, 1967, and recites that appellant "excepted and gave notice of appeal to the County Court at Law #1, sitting in Bexar County, Texas." On February 25, 1967, appellant timely filed her appeal bond and it was approved on the same date. The transcript in said cause was sent to the County Clerk of Bexar County, Texas, on March 1, 1967, and was accepted and filed in the County Court on that date and designated as Cause No. 69512. On July 20, 1967, appellant filed her first amended original petition in said cause, and on July 21, 1967, filed a motion for summary judgment. Appellee thereafter on August 11, 1967, filed a motion to dismiss, and said motion to dismiss and motion for summary judgment were set for hearing on August 18, 1967. On said date, the motion to dismiss was heard first, and after such hearing the County Court sustained appellee's motion to dismiss and dismissed the appeal.

Appellant's only point of error is that the trial court erred in granting appellee's mo-

tion to dismiss. Appellee, by reply points, asserts that the County Court correctly dismissed the appeal because of the failure of appellant to give notice of the filing of the appeal bond, within five days, as required by the provisions of Rule 571, Texas Rules of Civil Procedure, and because of the lack of diligence of appellant in failing to act over a period in excess of five months after the failure to give notice of the filing of her appeal bond.

This appeal involves the construction of Rule 571, T.R.C.P., which reads as follows:

"The party appealing, his agent or attorney, shall within ten days from the date of judgment, or order overruling motion for new trial, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on appeal; or if the appeal is by the plaintiff by reason of judgment denying in whole or in part his claim, he shall file with the justice a bond in the same ten-day period, payable to the appellee, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the costs incurred in the justice court and estimated costs in the county court, less such sums as may have been paid by the plaintiff on the costs, conditioned that he shall prosecute his appeal to effect and shall pay off and satisfy such costs if judgment for costs be rendered against him on appeal. When such bond has been filed with the justice, the appeal shall be held to be thereby perfected and all parties to said suit or to any suit so appealed shall make their appearance at the next term of court to which said case has been appealed. Within five (5) days following the filing of such appeal bond, the party appealing shall give notice as provided in Rule 21a or 21b of the filing of such bond to all parties to the suit who have not filed such bond. No

judgment shall be taken by default against any party in the court to which the cause has been appealed without first showing that this rule has been complied with. The appeal shall not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing appellant five (5) days after notice within which to correct or amend same. As amended by order of April 12, 1962, effective Sept. 1, 1962, and by order of July 20, 1966, effective Jan. 1, 1967."

Appellee maintains that the giving of such notice within five days is of a mandatory and jurisdictional nature and that appellant lost her right to prosecute an appeal by failing to give notice within such five-day period. He asserts that the provision as to giving notice is couched in mandatory language, to-wit, *"shall* give notice." It is to be noted that Rule 571 also provides that "When such bond has been filed with the justice, the appeal *shall* be held to be thereby perfected * * *." (Emphasis added.) It is further noteworthy that Rule 72, T.R.C.P., pertaining to filing pleadings in district and county courts, provides that "Whenever any party files, or asks leave to file any pleading, plea, or motion of any character which is not * * * required to be served upon the adverse party, he *shall* at the same time either deliver or mail to the adverse party or his attorney of record a copy of such pleading, plea, or motion." (Emphasis added.) Such filing under that rule has never been held to be mandatory, and it cannot be said that the use of the word "shall" is fully determinative of the question whether such provision is mandatory.

▆▆▆ Rule 571 was amended in the year 1962 by adding the provision that an appealing party shall within five days following the filing of an appeal bond in the justice court give notice of the filing of such bond to all parties to the suit who have not filed such bond, and that no default judgment shall be taken on appeal until such notice has been given. It has been stated that the purpose of such amendment was to elimi-

nate the possibility that the successful party in the justice court might suffer a default judgment in the county court because he was unaware that an appeal had been perfected. See general commentary to Rule 571, p. 671, Vol. 5, Vernon's Ann.Rules Civ. Proc. If the rule as to the giving of five days notice is jurisdictional and mandatory, as contended by appellee, we cannot see the purpose of the legislature in adding the provision that no default judgment may be taken until such notice has been given. We think a reasonable construction of the entire rule is that the filing of an appeal bond within ten days perfects an appeal, as specifically provided for in Rules 571 and 573, T.R.C.P., and that the failure to give this notice only prevents a default judgment.

■ Appellee also contends that the appeal was properly dismissed because of the lack of diligence displayed by appellant in failing to further prosecute the appeal for a period of slightly over five months after filing such appeal bond. The order of dismissal does not state the grounds upon which the dismissal is predicated. However, the statement of facts contains the argument of counsel and the questions and comments of the court on the hearing of such motion. It would appear therefrom that the trial court's order of dismissal is predicated upon the basis that the giving of notice within five days is jurisdictional. In any event, there is nothing in the record to show that appellee suffered any harm or that his rights were in any way prejudiced by the delay of approximately five months, or that this is an unusual or unreasonable period of time under the circumstances.

We do not believe that the giving of such notice within five days under Rule 571 is mandatory or jurisdictional and must be complied with in order to invoke appellate jurisdiction, and the record does not establish such a lack of diligence as would justify a dismissal. The judgment of the County Court dismissing such appeal is reversed and the cause remanded for further proceedings not inconsistent with this opinion.