Bobby **BYRD** et ux., Appellants,

v.

**ALLIED AMERICAN BANK**, Appellee.

No. A2202.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 5, 1979.

Jerry L. Schutza, Parks & Moss, Houston, for appellants.

J. Richard Hall, Leger, Hall, Hill & Glover, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

Appellants attack by writ of error a default judgment against them on a promissory note they had executed.

Appellee became owner and holder of the note by merger with the original holder bank. Appellants allegedly moved from Texas leaving only a Post Office Box address. Appellee sought service through the provisions of the Long-Arm Statute, Tex. Rev.Civ.Stat.Ann. art. 2031b (1964). Appellants neither appeared nor answered. Default judgment was granted. Property which had been owned by appellants was then sold to Dale Dobson in an execution sale in satisfaction of the default judgment. Appellants applied for a writ of error. Appellee has filed a Motion to Dismiss for

Want of Jurisdiction. Appellee contends that Dodson is a "party adversely interested" in the outcome of this appeal under Rule 360 of the Texas Rules of Civil Procedure since Dodson's title to the property purchased at the execution sale may be adversely affected by the decision of this Court. Rule 360 requires that the name and residence of each party adversely interested be included in a Petition for Writ of Error. Neither Dodson's name, nor his residence were included in appellants' petition. Appellee thus contends that this Court lacks jurisdiction to consider this appeal. We agree.

Appellants contend that Dodson is not a "party" under Rule 360 citing *Payne v. Livingston*, 253 S.W. 701 (Tex.Civ.App.—Austin 1923, no writ) and *City of Corpus Christi v. Scruggs*, 89 S.W.2d 458 (Tex.Civ. App.—San Antonio 1935, no writ) in support of this contention. The facts of these cases are distinguishable from the case before us. *Payne, supra,* turned upon the failure to specify the legal nature of the alleged party adversely interested. Clearly the reasoning of the court in *Payne* does not apply to this case. In *City of Corpus Christi v. Scruggs, supra,* the court refused to require two individuals to be named as defendants in the appeal since it was merely alleged that they had an unspecified interest in the judgment even though they were not parties-plaintiff in the original suit.

Appellants also seek support for their contentions in *Ponca Wholesale Mercantile Company v. Alley*, 378 S.W.2d 129 (Tex.Civ. App.—Amarillo 1964, writ ref'd n. r. e.). In this case the court cites the prior definitions of "parties" under Rule 360 by saying, "It has been held 'parties adversely interested' are parties whose interest in the subject matter of the proceeding is adverse to that of the parties seeking the writ of error or whose interest may be affected by the modification or reversal of the judgment in question. [cases cited]." The court then found that the parties in question no longer had an adverse interest as the original suit had been dismissed subsequent to the filing

of a cross action which did not name the allegedly adverse parties. The facts are distinguishable, but the definition of a "party adversely interested" clearly fits Dodson as his interests may well "be affected by the modification or reversal of the judgment in question." Accord *Thomas v. Iliff*, 524 S.W.2d 568 (Tex.Civ.App.—Texarkana 1975, no writ).

Appellants further contend that Dodson is not adversely interested, alleging that he was merely a purchaser of real property at an execution sale and his title could not be affected by a modification or reversal of the judgment below. We disagree. Reversal of the judgment would render the sheriff's sale at which Dodson purchased the property void. *Murphy v. Johnson*, 439 S.W.2d 440 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ), *Henke v. First Southern Properties Inc.*, 586 S.W.2d 617 (Tex. Civ.App.—Waco 1979, no writ). We hold that such a threat to Dodson's interest places him in the category of a person adversely interested within the meaning of Rule 360. Therefore, since Dodson was not named in the Writ of Error, the motion to dismiss for want of jurisdiction must be granted.

Dismissed for want of jurisdiction.