Marilyn HACKFELD et al., Appellants,

v.

Frank M. RYBURN, Jr., et al., Appellees.

No. 1313.

Court of Civil Appeals of Texas, Tyler.

Sept. 11, 1980.

Rehearing Denied Oct. 9, 1980.

Robert H. Bezucha, Charles M. Wilson, III, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellants.

H. Sam Davis, Jr., Wayne Pearson, J. Dan Bohannan, Catherine A. Gerhauser, Burford & Ryburn, Dallas, for appellees.

MOORE, Justice.

This is an appeal by writ of error seeking to set aside the probate of a will.

On November 11, 1977, Florence M. Moss, deceased, executed her last will and testament naming appellees Frank M. Ryburn, Jr. and Frank S. Ryburn as independent executors. The testatrix died at her residence in Dallas County, Texas, on December 31, 1978. Appellees duly filed an application to probate the will and for letters testamentary. After an uncontested hear-ing on the application, the probate court, on January 15, 1979, entered an order admitting the will to probate and appointed appellees as independent executors. On February 26, 1979, appellees, after executing an oath as executors, filed an inventory, appraisement and list of claims showing that the new worth of the estate amounted to $14,509,394.57.

On March 13, 1979, appellants, Marilyn Hackfeld, Nancy Leavitt, and Richard Miller, grandchildren of the testatrix, and devisees under her will, filed a petition for writ of error in the Probate Court of Dallas County. The petition alleged that appellants had an interest in the matter by reason of their being heirs at law of decedent and devisees under the will. Named as parties adversely interested were appellees Frank M. Ryburn, Jr. and Frank S. Ryburn. The petition further alleged that appellants did not participate either in person or by their attorney in the trial of this cause in the Probate Court and desired to remove the order probating the will to the Court of Civil Appeals for revision and correction.

By four points of error appellants seek to set aside the order admitting the will to probate on the ground that they were unable to obtain a statement of facts because the evidence was not recorded by a court reporter. Additionally, they contend that the proof of the will consisting of the papers on file was legally and factually insufficient to support the order probating the will.

Before proceeding with a determination of appellants' points of error, we must consider and pass upon appellees' contention that the appeal must be dismissed because the petition for writ of error is fatally defective. It is their contention that the appeal should be dismissed for want of jurisdiction because the will contains charitable bequests requiring appellants to join the Attorney General of the State of Texas in their petition for writ of error as a "party adversely interested." As we view the record, appellees' contention must be sustained.

The petition for writ of error recites that the "parties adversely interested" as Frank M. Ryburn, Jr. and Frank S. Ryburn. This is the only such recitation. The Attorney General is not named as a "party adversely interested." Furthermore, there is nothing in the papers showing that the Attorney General was given notice of the petition for writ of error nor has he made an appearance herein.

The will in question, the probate of which appellants seek to set aside in this writ of error appeal, contains two separate devises of money or property to charitable organizations. Section 3 of the will provides as follows:

I give, devise and bequeath the following:

\* \* \* \* \* \*

(1) To the Highland Park United Methodist Church, Highland Park, Texas, the sum of Ten Thousand Dollars ($10,000);

As the term "church" imports an organization for religious purposes, a gift to a church or a church society by name, without declaration or restriction as to the use to be made of the subject matter of the gift, must be deemed to be a gift for the promotion of the purposes for which the church was organized and, therefore, to be a gift for charitable purposes. 14 C.J.S. *Charities* § 17 p. 449. The gift to the church was unrestricted as to the use to be made of the funds. Consequently, we hold that the funds bequeathed to the church were for charitable purposes.

Section 4 of said will provides as follows:

All the rest and residue of my estate I give, devise and bequeath as follows:

(a) One–third (⅓) of the residue of my estate to the trustees of the Harry S. Moss Trust for the Prevention and Cure of Heart Diseases, to be added to said trust and to be held, invested, used and expended for the same wholly charitable purposes as provided for in the will of my late husband, Harry S. Moss;

It is clear that the testatrix intended that the funds or property bequeathed to trustees of the Harry S. Moss Trust were to be used for charitable purposes. While the Harry S. Moss Trust indenture is not a part of the record before us, there is nothing in the record suggesting that the trust established by him was not for wholly charitable purposes. Thus, according to the papers on file, which is all we have to go on, the Harry S. Moss Trust constituted a trust for charitable purposes.

When one seeks to set aside the probate of a will which contains charitable bequests or to nullify or impair the provisions of a will which creates a "charitable trust," the Attorney General is a necessary party. Tex.Rev.Civ.Stat.Ann. art. 4412a, sec. 2, provides:

Sec. 2. For and on behalf of the interests of the general public of this state in such matters, the Attorney General shall be a necessary party to and shall be served with process, as hereinafter provided, in any suit or judicial proceeding, the object of which is:

\* \* \* \* \* \*

c. To construe, nullify or impair the provisions of any instrument, testamentary or otherwise, creating or affecting a charitable trust, or

d. To contest or set aside the probate of an alleged will by the terms of which any money, property or other thing of value is given, devised or bequeathed for charitable purposes.

The term "charitable trust" is defined in section 1 of the statute to include "all gifts and trusts for charitable purpose."

The statute in question leaves no doubt of the legislature's intention to make the Attorney General an indispensable party to any suit or judicial proceeding the object of which is to set aside the probate of a will where funds have been devised or bequeathed for charitable purposes.

Inasmuch as this writ or error appeal can only be characterized as a "judicial proceeding" and is one in which appellants are attempting to "set aside the probate" of a will which contains charitable bequests and to "nullify or impair the provisions of" such a will, the Attorney General is a neces-

sary and indispensable party who must be named as such in the petition for writ of error. *Estate of Bourland v. Hanes*, 526 S.W.2d 156, 157–159 (Tex.Civ.App.–Corpus Christi 1975, writ ref'd n. r. e.); *Akin Foundation v. Trustees for Preston Road Church of Christ*, 367 S.W.2d 351, 353 (Tex.Civ. App.–Texarkana 1963, no writ).

Rule 360, Texas Rules of Civil Procedure, states the requisites of a petition for writ of error as follows:

The petition shall state the names and residences of *the parties adversely interested,* shall describe the judgment with sufficient certainty to identify it and shall state that he desires to remove the same to the Court of Civil Appeals for revision and correction. (Emphasis added.)

It has been held "parties adversely interested" are parties whose interest in the subject matter of the proceeding is adverse to that of the parties seeking the writ of error or whose interest may be affected by the modification or reversal of the judgment in question. *Ponca Wholesale Mercantile Co. v. Alley*, 378 S.W.2d 129, 131 (Tex.Civ.App.–Amarillo 1964, writ ref'd n. r. e.); *Sanitary Appliance Co. v. French*, 58 S.W.2d 159 (Tex.Civ.App.–Amarillo 1933, writ dism'd); *Highsmith v. Tyler State Bank & Trust Co.*, 194 S.W.2d 142 (Tex.Civ. App.–Texarkana 1946, writ ref'd).

■ The phrase "parties adversely interested" is not confined to the parties to the suit. All parties adversely interested, whether parties to the suit or not, must be named in the writ of error. *Files v. Buie*, 131 Tex. 19, 112 S.W.2d 714 (1938).

■ By their petition for writ of error appellants seek a judgment by this court setting aside the probate of a will containing two charitable bequests. Obviously, the Attorney General is a "party adversely interested" to appellants. As the indispensable representative of the public interest inherent in charitable bequests, his interest is adverse to that of appellants and that interest, most assuredly, would be affected by a modification or reversal of the order

appealed from. Certainly, it seems to us, the Attorney General is an interested, adverse and indispensable party within the purview of the Rules of Civil Procedure pertaining to writs of error.

Because of the failure to join the Attorney General in the petition for writ of error, this court acquired no jurisdiction under the faulty petition and thus appellants' appeal must be dismissed. *Files v. Buie*, supra; *Weems v. Watson*, 91 Tex. 35, 40 S.W. 722, 724 (1897); *Thomas v. Iliff*, 524 S.W.2d 568, 569–70 (Tex.Civ.App.–Texarkana 1975, no writ); *Reilly v. Hanagan*, 225 S.W. 797, 798–800 (Tex.Civ.App.–Fort Worth 1920, writ ref'd).

We reject appellants' contention that the failure to join the Attorney General is not fatal. In this connection appellants take the position that the papers in the case do not conclusively establish that the gift to the Methodist Church and the gift to the trustees of the Harry S. Moss Trust were for wholly charitable purposes. They base their contention on the language used by the testatrix in the introductory paragraph of the will which reads as follows:

That I, FLORENCE M. MOSS, of the County of Dallas, State of Texas, being of sound and disposing mind and memory, *do hereby make, publish and declare this my Last Will and Testament,* hereby revoking all other wills and codicils to wills, heretofore made by me except my Last Will and Testament dated November 19, 1975, which I now reaffirm and republish. I have misplaced and have been unable to find the original signed will of November 19, 1975, and I have executed this Will which contains the same provisions as are contained in my will of November 19, 1975, with the exceptions that I have deleted the bequests to my brother, Carl Miller, now deceased, and to my former employee, Cecile Doughty. (Emphasis added.)

Appellants take the position that since there were two wills, both wills must be construed together in order to ascertain the total testamentary scheme of the testatrix. They argue that since the 1975 will is not in

the record, the charitable bequest contained in the last will may not in fact be charitable because the 1975 lost will may have provided that the gifts in question were to be used for private purposes, i. e., for the benefit of family or friends, in which event the bequests would not be charitable, but private. In essence, they take the position that the will admitted to probate, standing alone, was not the last will and testament of the testatrix. As we view the record, appellants' argument is untenable.

In the first place, there is nothing in the record even remotely suggesting that the 1975 will might have contained language making the two bequests in question private bequests. It is significant to note that the testatrix was careful to point out that the 1975 will contained identical provisions as those in her last will except for the deletion of two items, neither of which affected the appellants. Thus, according to the papers on file, the record conclusively establishes that the two wills were identical. Hence, to say that the 1975 will may have contained language making the two bequests in question private bequests, would be to indulge in rank speculation.

Inasmuch as the papers on file show that the probated will which appellants seek to set aside contained two charitable bequests, it was incumbent on appellants to join the Attorney General as a party to the petition for writ of error. This they failed to do. It is therefore apparent from the face of the record that this court acquired no jurisdiction to determine the writ of error appeal.

Being without jurisdiction, we do not reach the points briefed by appellants challenging the validity of the judgment probating the will.

The appeal is dismissed.