Johnny PALACIOS, Individually and d/b/a Downtown Auto Repair, Appellant,

v.

Guillermo HARRIS, Appellee.

No. 04-85-00526-CV.

Court of Appeals of Texas, San Antonio.

July 30, 1986.

James R. Vidourdia, San Antonio, for appellant.

George Willingham, San Antonio, for appellee.

## ON APPELLEE'S MOTION TO DISMISS FOR WANT OF JURISDICTION

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

CADENA, Chief Justice.

Appellant, Johnny Palacios, seeks reversal, by writ of error, of a default judgment rendered against him. Appellee, Guillermo Harris, relying on *Hackfeld v. Ryburn*, 606 S.W.2d 340 (Tex.Civ.App.—Tyler 1980, writ dism'd), and *Byrd v. Allied American Bank*, 590 S.W.2d 835 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd., n.r. e.), has moved for dismissal of the appeal because the petition for writ of error filed by appellee does not comply with the provisions of Rule 360(3), TEX.R.CIV.P. in that it does not contain a statement that appellant "desires to remove the [judgment] to the Court of Appeals for revision and correction."

*Ryburn* and *Byrd* hold that the failure of the petition for writ of error to state "the names and residences of the parties adversely interested," as required by Rule 360, renders the petition insufficient to invoke the appellate jurisdiction of the Court of Appeals. These holdings appear to be based on the theory that unless the appellate court has before it all parties who will be affected by that court's judgment it lacks power to review the judgment of the trial court. Neither decision is applicable to the case before us, since in this case the petition names all parties adversely interested, and we do not have a case where the jurisdiction of the court is defeated because of the lack of an "indispensable" party.

In the petition filed by appellant in this case he states that he "hereby petitions for a writ of error from the court of appeals ..." This is sufficient indication of his desire to have the case reviewed by the appellate court or, to use the precise language of the rule, to remove the case to the Court of Appeals for "revision and correction."

The failure of the petition to track the exact language of the rule cannot, without resort to overly nice technicalities, be held to be a defect of such importance that it deprives the appellate court of jurisdiction, particularly where, as here, the desire of the party to obtain appellate review is apparent.

The motion to dismiss the appeal for want of jurisdiction is denied.