**Nicolas ELIZONDO and Consuelo Elizondo, Appellants,**

v.

**NORTHEAST INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 04–93–00218–CV.**

Court of Appeals of Texas,
San Antonio.

May 19, 1993.

Roger W. Wooldridge, San Antonio, for appellants.

Oliver S. Heard, Jr., Karl E. Hays, Heard, Goggan, Blair & Williams, Robert N. Ray, Law Offices of Robert N. Ray, Inc., San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and PEEPLES, JJ.

OPINION

PER CURIAM.

This is an appeal by writ of error of a default judgment. Appellants and appellees have filed a joint motion to reverse and remand stating that the citation served on appellants is defective because it fails to name the intervenors as taxing units, and that the intervening taxing units did not provide the required notice to appellants.

Appellants were defendants in this suit to collect delinquent taxes brought by North East Independent School District. The State, Bexar County, and the Bexar County Education District intervened as plaintiffs. Appellants failed to answer and a default judgment was taken by the appellees. Appellant's property was purchased at a subsequent foreclosure sale by A–K Texas Venture Capital, L.C. A–K was named in the petition for writ of error as a

**863**

"party adversely interested" in this proceeding. *See* Tex.R.App.P. 45(c).

 A–K has filed a document opposing the motion to reverse and remand arguing that such judgment could affect its title to the property. We may not dispose of an appeal on motion if it would prevent any other party from seeking any appellate relief to which it would be entitled. Tex. R.App.P. 59(a). A–K's interests may well be affected by the reversal or modification of the default judgment. *See Byrd v. Allied Am. Bank,* 590 S.W.2d 835, 837 (Tex.

Civ.App.—Houston [14th Dist.] 1979, no writ); *Thomas v. Iliff,* 524 S.W.2d 568, 569 (Tex.Civ.App.—Texarkana 1975, no writ).

The motion to reverse and remand is denied. We are to be understood as taking no position on the merits of this case.