**Daisy Mae MITCHELL, Appellant,**

v.

**ARMSTRONG CAPITAL CORPORATION, Appellee.**

**No. 01–93–01100–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 26, 1994.

Carnegie H. Mims, Jr., Houston, for appellant.

Eric Lipper, Houston, for appellee.

Before COHEN, WILSON and ANDELL, JJ.

## OPINION

ANDELL, Justice.

Appellant Daisy Mae Mitchell appeals Fort Bend County Court at Law Number One's dismissal, for want of jurisdiction, of her appeal from the justice court's judgment awarding possession of the house she owned to appellee, Armstrong Capital Corporation (Armstrong).

In 1986, in connection with certain home repairs, Mitchell signed a promissory note payable to All American Builders secured by a mechanic's lien against her residence. A dispute arose between Mitchell and All American Builders concerning completion of the work. Armstrong is the second assignee

of the note and lien contract. After non-judicially foreclosing the lien on Mitchell's residence and purchasing the residence at the foreclosure sale, Armstrong filed a forcible detainer action against Mitchell in the justice court. The justice court awarded Armstrong possession of the residence.

Mitchell appealed the justice court's judgment to the county court. Armstrong moved to dismiss the appeal on the ground that Mitchell had not given timely notice of her appeal. In its motion to dismiss, Armstrong acknowledged that it received notice of Mitchell's appeal from the county clerk of Fort Bend County.[1] Armstrong did not assert in its motion to dismiss that it had been in any way harmed or prejudiced by Mitchell's failure to notify it of her appeal. On September 28, 1993, the county court granted Armstrong's motion and dismissed Mitchell's appeal for lack of jurisdiction on the ground that Mitchell failed to give statutory notice of her appeal to Armstrong as required under TEX.R.CIV.P. 749. Mitchell appealed the dismissal to this Court.

In her second point of error, Mitchell asserts the county court erred in dismissing her appeal because the requirement to give Armstrong notice of the filing of the appeal bond is not jurisdictional. In her third point of error, Mitchell asserts the trial court erred in dismissing her appeal on the ground of failing to give Armstrong notice of the filing of her appeal bond because Armstrong knew or should have known that she filed an appeal.

Rule 749 does not provide that giving notice of the filing of an appeal bond is jurisdictional.[2] Further, in construing a similarly worded rule of procedure[3] applying to ap-

---

1. Rule 751 of the Texas Rules of Civil Procedure requires the county clerk to give the adverse party notice that the justice court's judgment has been appealed.

2. Rule 749 provides in relevant part:
   Within five days following the filing of such bond, the party appealing shall give notice as provided in Rule 21a of the filing of such bond to the adverse party. No judgment shall be taken by default against the adverse party in the court to which the cause has been appealed without first showing substantial compliance with this rule.

3. The relevant part of TEX.R.CIV.P. 571 provides:
   Within five days following the filing of such appeal bond, the party appealing shall give notice as provided in Rule 21a of the filing of such bond to all parties to the suit who have not filed such bond. No judgment shall be taken by default against any party in the court to which the cause has been appealed without first showing that this rule has been complied with.

peals of justice court decisions, other than forcible entry and detainer proceedings, the San Antonio Court of Appeals has held that the failure to give notice is not jurisdictional and only prevents a default judgment. *Molina v. Negley,* 425 S.W.2d 896, 898 (Tex.Civ. App.—San Antonio 1968, no writ). The Corpus Christi Court of Appeals has also held that in an appeal of a district court decision to the intermediate court, the failure of the appellant to give the appellee notice of the filing of the appellant's appeal bond was not jurisdictional. *Nolana Dev. Ass'n v. Jefferson Sav. & Loan Ass'n,* 612 S.W.2d 676, 677 (Tex.Civ.App.—Corpus Christi 1981, no writ).

To support its contention that failure to notify the adverse party of the filing of the appeal bond is jurisdictional, Armstrong cites *Simmons v. Brannum,* 182 S.W.2d 1020, 1021 (Tex.Civ.App.—Austin 1944, no writ). While *Simmons* is on point, and is a forcible entry and detainer case, we feel the rules announced in the *Molina* and *Nolana Development Association* cases contain the better reasoned holdings for application to the facts of this case, particularly because Armstrong has acknowledged that it had actual knowledge of Mitchell's appeal and did not show that it had been damaged or prejudiced by Mitchell's failure to give notice.

We sustain Mitchell's second and third points of error. Because of our ruling on these points of error, it is unnecessary to rule on Mitchell's other points of error.

We reverse the judgment of the county court at law and remand the case to that court for a trial on the merits.