**Juan ROSAS, Appellant,**

v.

**Maria DIAZ, Appellee.**

No. 04–96–00812–CV.

Court of Appeals of Texas, San Antonio.

Jan. 29, 1997.

Ralph A. Lopez, Bennett L. Stahl, Lopez, Lotz, Pauerstein & Stahl, P.C., San Antonio, for appellant.

Jarrett L. Schaufel, Andrew E. Toscano, Toscano & Schaufel, P.C., San Antonio, for appellee.

Before HARDBERGER, C.J., and GREEN and DUNCAN, JJ.

### OPINION

HARDBERGER, Chief Justice.

Appellant, Juan Rosas, appeals by writ of error from a default judgment rendered in favor of appellee, Maria Diaz. In a motion to dismiss, Diaz contends we lack jurisdiction

over this appeal because the petition for writ of error fails to identify adversely interested parties. Because this defect is not jurisdictional, we deny Diaz's motion.

Rosas perfected his appeal by timely filing a petition for writ of error and cash deposit in lieu of bond. While the petition for writ of error includes a certificate showing service on Diaz's attorney, the petition itself does not name Diaz or identify her residence. *See* Tex.R.App. P 45(c) (providing that petitions for writ of error "shall state the names and residences of the parties adversely interested"). Diaz was the only plaintiff named in her pleadings, and Rosas was the only defendant.

According to Diaz, unless a petition for writ of error strictly complies with rule 45(c), it fails to confer jurisdiction on the appellate court. We disagree.

> The failure of the petition to track the exact language of the rule cannot, without resort to overly nice technicalities, be held to be a defect of such importance that it deprives the appellate court of jurisdiction, particularly, where, as here, the desire of the party to obtain appellate review is apparent.

*Palacios v. Harris,* 715 S.W.2d 418, 419 (Tex. App.—San Antonio 1986, interlocutory order) (discussing rule 45(c)'s requirement that appellant state a desire to remove the case to the appellate court); *see also Molina v. Negley,* 425 S.W.2d 896, 898 (Tex.Civ.App.—San Antonio 1968, no writ) (statutory notice to appellee is not jurisdictional in appeals to county courts).

Our holdings in *Palacios* and *Molina* are particularly appropriate in light of *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex. 1991), where the supreme court held that "[a] court of appeals has jurisdiction over any appeal where the appellant files an instrument that 'was filed in a bona fide attempt to invoke appellate court jurisdiction.'" A writ of error is "but another mode of appeal," *Texaco, Inc. v. Central Power & Light Co.,* 925 S.W.2d 586, 590 (Tex.1996), to which *Grand Prairie* would naturally apply.

Here, we find that Rosas timely filed his petition for writ of error in a bona fide attempt to perfect his appeal. *See City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (Tex.1992) (describing a timely notice of appeal with the wrong cause number as a bona fide attempt to invoke jurisdiction). Therefore, this court has jurisdiction over the appeal, whether or not the petition for writ of error strictly complies with rule 45(c). Because our jurisdiction was properly invoked, we deny Diaz's motion to dismiss for lack of jurisdiction.