Opinion issued April 24, 2008 





 



 










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00532-CV

____________


STELLA SALMERON, Appellant


V.


T-MOBILE WEST CORPORATION, Appellee






On Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 890659






MEMORANDUM OPINION ON REHEARING

 We grant appellant's motion for rehearing. See Tex. R. App. P. 49.3. We
withdraw our January 24, 2008 opinion, substitute this opinion in its place, and vacate
our January 24, 2008 judgment. 

 Appellant, Stella Salmeron, challenges the county civil court at law's order
dismissing her appeal of a justice of the peace court judgment in favor of appellee,
T-Mobile West Corporation ("T-Mobile"). In her sole issue, Salmeron contends that
the county civil court at law erred in dismissing her appeal for lack of jurisdiction.

 We reverse the order of the county civil court at law dismissing the case for
lack of jurisdiction, and we remand for proceedings consistent with this opinion.

Procedural Background

 Salmeron, seeking to recover $1,300 in damages, sued T-Mobile. After a trial,
the justice of the peace court signed its April 2, 2007 judgment, in which it ordered
that Salmeron take nothing and awarded T-Mobile $1,713, plus court costs and
interest. On April 10, 2007, (1) Salmeron, seeking to appeal the justice of the peace
court's judgment to the county civil court at law, filed an appeal bond.

 On April 25, 2007, T-Mobile, in the county civil court at law, moved to dismiss
Salmeron's appeal on the ground that Salmeron had not timely filed her appeal bond. (2) 
The county civil court at law, concluding that it lacked jurisdiction over the appeal,
granted T-Mobile's motion.

Jurisdiction

 In her sole issue, Salmeron argues that the county civil court at law erred in
dismissing her appeal for lack of jurisdiction because it "failed to follow the statutory
interpretation requirements for allowing [an] appeal under the Texas Rules of Civil
Procedure."

 Whether a party timely files an appeal bond in order to confer jurisdiction in
a county civil court at law presents a legal question, which we review de novo. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). To perfect such
an appeal, a party has ten days from "the date a judgment or order overruling [a]
motion for new trial is signed" to file an appeal bond with the justice of the peace
court. Tex. R. Civ. P. 571. If the appeal bond is not timely filed, the county civil
court at law is without jurisdiction to hear the appeal. Williams v. Schneiber, 148
S.W.3d 581, 583 (Tex. App.--Fort Worth 2004, no pet.); Searcy v. Sagullo, 915
S.W.2d 595, 597 (Tex. App.--Houston [14th Dist.] 1996, no writ); Meyers v. Belford,
550 S.W.2d 359, 359-60 (Tex. Civ. App.--El Paso 1977, no writ).

 Here, Salmeron filed her appeal bond eight days after the justice of the peace
court signed its judgment. Accordingly, we hold that the county civil court at law
erred in dismissing Salmeron's appeal for lack of jurisdiction.

 We sustain Salmeron's sole issue. (3) 







Conclusion

 We reverse the order of the county civil court at law (4) dismissing the case for 

lack of jurisdiction, and we remand for further proceedings consistent with this
opinion.

 





 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland. 
1. In our original opinion issued on January 24, 2008, we concluded that Salmeron had
untimely filed an appeal bond on April 16, 2007. However, on February 4, 2008,
Salmeron filed a motion for rehearing, attaching an exhibit as proof that she had
timely filed her appeal bond. See Tex. R. App. P. 49.1. The exhibit, file stamped on
April 10, 2007, was marked as "received" by Judge "W.V. Yeoman," the presiding
justice of the peace over Salmeron and T-Mobile's trial. This exhibit was not
included in the original clerk's record. On February 19, 2008 and February 22, 2008,
we ordered the county civil court at law to supplement the clerk's record. See Tex.
R. App. P. 34.5(c)(1). On February 22, 2008 and March 7, 2008, the county civil court
at law supplemented the clerk's record. Our review of the supplemental clerk's
records reveals that Salmeron did, in fact, file her appeal bond with the justice of the
peace court on April 10, 2007. 
2. See Tex. R. Civ. P. 571. Also, Salmeron did not file a motion for new trial.
3. Salmeron also asserts that the court clerks and the county civil court at law violated
her due process rights by not providing her with an interpreter. See Tex. R. Civ. P.
183. When an intermediate appeals court dismisses a case without ruling on the
merits, a higher appeals court may only affirm or reverse (and remand) the
intermediate appeals court's judgment of dismissal, i.e., it may not address the case's
merits. See Tex. Dep't of Pub. Safety v. Barlow, 48 S.W.3d 174, 176 (Tex. 2001)
(remanding case to court of appeals to consider merits after court of appeals erred in
determining that it lacked jurisdiction); Brooks v. Jones, 578 S.W.2d 669, 674 (Tex.
1979) (noting that, "when a court of civil appeals has dismissed a case and has not
ruled upon its merits, we will remand the cause to that court for consideration");
Mitchell v. Armstrong Capital Corp., 877 S.W.2d 480, 482 (Tex. App.--Houston [1st
Dist.] 1994, no writ) (concluding that court need not address other points of error after
determining that county civil court at law erred in dismissing case for lack of
jurisdiction). Thus, having held that the county civil court at law erred in dismissing
Salmeron's appeal for lack of jurisdiction, we do not consider Salmeron's assertion
that the court clerks and county civil court at law violated her due process rights by
not providing her with an interpreter.
4. See Villalon v. Bank One, 176 S.W.3d 66, 69-70 (Tex. App.--Houston [1st Dist.]
2004, pet. denied) (noting that perfection of appeal from justice of peace court to
county court for trial de novo vacates and annuls judgment of justice of peace court
and, therefore, county court cannot affirm or reverse judgment of justice of peace
court, nor can it remand cause to justice of peace court).